**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| VOICE CONTROL VEHICLES, LLC,<br><br>Plaintiff,<br>v.<br><br>ESPRIT MODEL, INC., d/b/a ESPRIT TECH and JETI USA<br><br>Defendant. | Case No.:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Voice Control Vehicles, LLC ("VCV" or "Plaintiff") files this Complaint against Esprit Model, Inc., d/b/a Esprit Tech and Jeti USA ("Esprit" or "Defendant") for infringement of U.S. Patent No. 8,401,860 ("the '860 patent").

**THE PARTIES**

1. VCV is a Texas limited liability company with its principal place of business at 836 Diamond Street, Laguna Beach, California 92651.

2. Esprit is a Florida corporation with its principal place of business at 4253 Pinewood Road, Melbourne, Florida 32934. Esprit does business in the State of Florida and in the Middle District of Florida. Esprit can be served with process through its registered agent Paul A. Bouvier, 3210 N. Wickham Road 5, Melbourne, Florida 32935.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284, among others.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Florida Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (a) at least part of their infringing activities alleged herein; and (b) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold, and services provided, to Florida residents.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Defendants have committed acts of infringement in this judicial district and have a regular and established place of business in this judicial district at 4253 Pinewood Road, Melbourne, Florida 32934.

**COUNT I**
**(Infringement of U.S. Patent No. 8,401,860)**

7. VCV incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

9. On March 19, 2013, the '860 patent was issued by the United States Patent and Trademark Office ("USPTO") to Paul R. Evans for an invention entitled, "Voice-Activated

Command and Control for Remotely Controlled Model Vehicles." A true and correct copy of the '860 patent is attached hereto as Exhibit A.

10. VCV is the assignee of the '860 patent, with ownership of all substantial rights, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

11. The '860 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**Direct Infringement (35 U.S.C. § 271(a))**

12. Defendant Esprit has infringed, and continues to infringe, one or more claims of the '860 patent in this judicial district and elsewhere in Florida and the United States.

13. In particular, Defendant has infringed and continues to infringe at least claims 1 and 4 of the '860 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, Defendant's JETI Duplex DC-24 and JETI Duplex DS-24 remote controls (the "Accused Products").

14. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '860 patent.

15. Defendant is liable for these infringements of the '860 patent pursuant to 35 U.S.C. § 271.

16. VCV has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to VCV in an amount that adequately compensates VCV for Defendant's infringements, which, by law, cannot be less than a

reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Indirect Infringement (Inducement- 35 U.S.C. § 271(b))**

18. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the ’860 patent by inducing direct infringement by end users of the Accused Products.

18. Defendant has had knowledge of the ’860 patent since at least December 20, 2017, when Defendant responded to a notice letter informing Defendant that it was infringing the ‘860 Patent. Since then Defendant has continued to infringe the ‘860 Patent despite having actual knowledge of the ‘860 Patent and notice of its infringing activities. Plaintiff VCV and Defendant continued to correspond regarding Defendant’s infringements through 2018.

19. On information and belief, despite having knowledge of the ’860 patent, Defendant has specifically intended for persons who acquire and use the Accused Products, including Defendant’s customers and end consumers, to acquire and/or use such devices in a way that infringes the ’860 patent, including at least claims 1 and 4, and Defendant knew or should have known that its actions were inducing infringement.

20. Defendant instructs and encourages users to use the Accused Products in a manner that infringes the ’860 patent. For example, Defendant provides end users detailed instructions on how to use the Accused Products in an infringing manner. *See e.g.,* Exhibit B and exhibits thereto.

21. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

22. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, VCV requests that the Court find in its favor and against Defendants, and that the Court grant VCV the following relief:

a. Judgment that one or more claims of the '860 patent has been infringed directly or indirectly, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that Defendants account for and pay to VCV all damages to, and costs incurred by, VCV because of Defendants' infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c. Judgment that Defendants account for and pay to VCV a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That VCV be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e. That VCV be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a jury trial on all issues so triable pursuant to FED. R. CIV. P. 38(b) and L.R. 1.06(a).

Dated: September 19, 2019

Respectfully submitted,

/s/*Suzette M. Marteny Moore*

Suzette M. Marteny Moore
Fla. Bar No. 668591
S. MOORE LAW, PLLC
2690 South Combee Road
Lakeland, FL 33803
(863) 229-2140 (t)/(863) 808-0586 (f)
smoore@smoorelaw.com
eservice@smoorelaw.com
paralegal2@smoorelaw.com
*Counsel for Plaintiff, Voice Control Vehicles, LLC*